IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

GARY WILLIAM HOLT                                                                                          PETITIONER

v.                                        4:16CV00873-KGB-JJV

SCOTT BRADLEY, Sheriff,
Van Buren County[1]                                                                                        RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a  hearing is granted) was not offered at the hearing before the Magistrate Judge.

---

[1]The previous Order directing the Arkansas Attorney General to respond (Doc. No. 4) is rescinded.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>  Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

On December 1, 2016, Mr. Holt filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 seeking, *inter alia*, dismissal of his criminal charges and release from pretrial detention. (Doc. No. 1 at 12-13.) Based on a review of these claims, I find the Petition should be dismissed.

Mr. Holt is in pretrial custody awaiting trial. (*Id.* at 2-3.) Because his trial is pending in the Van Buren County Circuit Court, this Court should abstain from considering these claims pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Under the rule of *Younger*, "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Id*. at 45. Injunctive relief is generally unavailable unless a petitioner can show that he will suffer "irreparable injury" absent injunction. Where a federal injunction is sought against ongoing state proceedings, the standard is even higher:

> [I]n view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient unless it is both great and immediate. Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Younger v. Harris*, 401 U.S. 37, 46 (1971) (internal citation and quotation marks omitted).

"[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764-5 (9th Cir. 1972.) Courts have defined "unusual circumstances" as claims involving double jeopardy or the right to a speedy trial. *See, e.g., Satter v. Leapley*, 977 F.2d 1259, 1261 (8th Cir. 1992) ("A claim that a state prosecution will violate the Double Jeopardy Clause presents an exception to the general rule of *Younger v. Harris*," and "[i]t is thus well established that federal district courts can entertain pretrial habeas petitions in which petitioner asserts an impending state trial violates the Double Jeopardy Clause.") (citing *Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992) and *Palmer v. Clarke*, 961 F.2d 771, 774 (8th Cir. 1992).

Mr. Holt's claims that the delay in setting his formal plea and arraignment will result in "all evidence favorable to the Petitioner and necessary to his ability to prove his innocence . . . will suffer a staleness and will result in an improbability of discovery and, will render any counsel appointed to represent Petitioner, at such a late date, to be ineffective *ab initio* and, will afford the State of Arkansas an unfair advantage. . ." are wholly conclusory and fail to justify habeas relief. (Doc. No. 1 at 3-4.) Therefore, his Petition should be dismissed on this basis alone.

Additionally, before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *See* 28 U.S.C. § 2254(b) (stating a state prisoner must exhaust available state court remedies before raising a claim in a federal habeas corpus proceeding). As a matter of comity and federalism, the state courts should have a proper opportunity to address a petitioner's claims of constitutional error before those claims are presented to the federal court. *Coleman v. Thompson*, 501 U.S. 722,

750 (1991). This requirement is in place to afford the state the opportunity to correct any constitutional errors before the federal courts intervene. *Lenza v. Wyrick*, 665 F.2d 804, 807-8 (8th Cir. 1981); *Picard v. Connor*, 404 U.S. 270, 275 (1971) ("We have consistently adhered to this federal policy for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.") (citations omitted). Failure to do so will result in a procedural default. *Kennedy v. Delo,* 959 F.2d 112, 115 (8th Cir. 1992) (citing *Coleman,* 501 U.S. at 749-50).

      I recognize that Section 2241 does not *require* exhaustion. But Mr. Holt has provided no basis to deviate from the well recognized principles of comity and federalism. *See*, *Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) ("Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner."); *see also*, *Davis v. Mueller*, 643 F.2d 521, 525 (8th Cir. 1981) (availability of federal habeas relief for pretrial detainee is limited by the "the notion of 'comity,' that is, a proper respect for state functions") (citing *Younger*, 401 U.S. at 43-44).

      I realize Mr. Holt genuinely believes his rights are being violated. However, there is no reasons to believe he will not be afforded due process by the Van Buren County Circuit Court. So his claims simply fail to constitute the type of "extraordinary circumstances" that would allow a defendant to avoid the established procedures for resolving state criminal charges and proceeding directly to federal court.

      In sum, Mr. Holt has neither shown the type of extraordinary circumstances that allow this

Court to intervene in his ongoing state criminal case nor exhausted his available state court remedies. Accordingly, after careful consideration of the Petition for Writ of Habeas Corpus, I conclude it should be dismissed with prejudice.[2] *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973).

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The previous Order directing the Arkansas Attorney General to respond (Doc. No. 4) is rescinded.

2. Mr. Holt's § 2241 Petition (Doc. No. 1) be DISMISSED with prejudice, and the requested relief be DENIED;

DATED this 6th day of January, 2017.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2] He will not be prejudiced by dismissal with prejudice of his § 2241 petition. *Yellowbear v. Wyoming Attorney General*, 525 F.3d 921, 925 (10th Cir. 2008) (dismissal of first § 2241 habeas petition does not make later petition under § 2254 "second or successive" within the meaning of § 2244(b)) (following *Jacobs v. McCaughtry*, 251 F.3d 596, 597–98 (7th Cir. 2001) (per curiam)). So should Mr. Holt be later convicted, he may raise these claims in a properly filed § 2254 petition after exhausting proceedings in the state courts.