# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

GARY WILLIAM HOLT,                                                                          PETITIONER

v.                                      Case No. 4:16-cv-00873 KGB-JJV

SCOTT BRADLEY, Sheriff,                                                                     RESPONDENT
Van Buren County

## ORDER

The Court has received Proposed Findings and Recommendations from United States Magistrate Judge Joe J. Volpe (Dkt. No. 8). Petitioner Gary William Holt filed objections to the Proposed Findings and Recommendations (Dkt. No. 12). Mr. Holt, along with respondent Scott Bradley, submitted several other filings for this Court's consideration (Dkt. Nos. 9 – 11, 13 – 19). After a review of the Proposed Findings and Recommendations, and the timely objections received thereto, as well as a *de novo* review of the record, the Court adopts the Proposed Findings and Recommendations in their entirety (Dkt. No. 8).

The federal court is required to abstain from any pending state action absent any special circumstances. *Younger v. Harris*, 401 U.S. 37 (1971). Because Mr. Holt was in pretrial custody awaiting trial upon filing the petition and presented no special circumstances, this Court is required to abstain from enjoining the state proceedings Mr. Holt challenges. Special circumstances include claims involving double jeopardy or right to a speedy trial. *See Satter v. Leapley*, 977 F.2d 1259, 1261 (8th Cir. 1992). Mr. Holt did not make such claims here.

Additionally, before seeking federal habeas review, a state prisoner usually must first fairly present the substance of each claim to each appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also* 28 U.S.C. § 2254(b) (stating that, absent certain circumstances, a state

prisoner must exhaust available state court remedies before raising a claim in a federal habeas corpus proceeding). Mr. Holt did not do so in this case.

For these reasons, the Court adopts the Proposed Findings and Recommendations in their entirety. Further, this Court acknowledges that Mr. Holt in his most recent filing informs this Court that all charges against him in Van Buren County, Arkansas, have been dismissed and that he does not wish to proceed with this action (Dkt. No. 19). Accordingly, this Court dismisses with prejudice Mr. Holt's complaint.[1] All other pending motions are denied as moot.

So ordered this 31st day of August, 2017.

Kristine G. Baker
United States District Judge

---

[1] Mr. Holt will not be prejudiced by dismissal with prejudice of his 28 U.S.C. § 2241 petition. According to *Yellowbear v. Wyoming Attorney General*, the dismissal of a pretrial detention habeas petition does not make any later petition under 28 U.S.C. § 2254 "second or successive" within the meaning of 28 U.S.C. § 2244(b). *Yellowbear v. Wyoming Attorney General*, 525 F.3d 921, 925 (10th Cir. 2008). Furthermore, because this Court received a Change of Address notification indicating that the charges against Mr. Holt in Van Buren County, Arkansas have been dismissed, his 28 U.S.C. § 2241 petition is now moot (Dkt. No. 19).